UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN D. EVERETT,

          Plaintiff,

v.

HAROLD CLARKE, *et al.*,

          Defendants.

Case No. C07-5026RBL

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's § 1983 complaint appears to call into question the validity of his conviction and/or sentence. Specifically, Plaintiff seeks money damages from defendants in the "negotiable sum of 2,000,000" based on the allegation that he was unlawfully placed on probation/supervised release and wrongfully found guilty by the state court of breaking the conditions of his release from jail and thus returned to confinement.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

ORDER
Page - 1

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

The facts and issues raised by Plaintiff in his Complaint clearly affect the term and conditions of his criminal conviction and sentence. Such issues must be successfully bought and considered by the courts in a petition for writ of habeas corpus before a Complaint seeking money damages can be entertained.

Plaintiff's complaint is further deficient. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

Here, plaintiff has not shown how each of the four individually named defendants personally participated in violating his constitutional or federal civil rights.

(3) Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be dismissed **by no later than March 2, 2007**. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 2nd day of February, 2007.

> */s/ J. Kelley Arnold*
> J. Kelley Arnold
> United States Magistrate Judge

ORDER
Page - 2